**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-6745**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYWONE ELI REED,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:16-cr-00951-DCN-1)

─────────────

Submitted:  February 21, 2023                    Decided:  February 23, 2023

─────────────

Before NIEMEYER and DIAZ, Circuit Judges, and MOTZ, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Tywone Eli Reed, Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tywone Eli Reed appeals the district court's order denying his motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. We have reviewed the record and conclude that the district court did not abuse its discretion in denying relief. *See United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.) (stating standard of review), *cert. denied*, 142 S. Ct. 383 (2021). Accordingly, we affirm the district court's order.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We note that, in its discussion of the 18 U.S.C. § 3553(a) factors, the district court incorrectly stated that Reed had been convicted of pointing and presenting a firearm. Although Reed was charged with that offense in 1999, the charge was ultimately dismissed. The district court's reliance on an erroneous factual premise generally constitutes an abuse of its discretion. *Kibble*, 992 F.3d at 332. However, we affirm despite the district court's erroneous assertion because we are convinced the district court's judgment was not "substantially swayed" by the error. *United States v. Brooks*, 111 F.3d 365, 371 (4th Cir. 1997) (internal quotation marks omitted).

2